## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD AND ALLISON BROOKMAN, | ) | |
| as Parents and next friends of | ) | |
| ANTHONY BROOKMAN, | ) | |
| a minor, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| -vs- | ) | |
| | ) | |
| REED-CUSTER COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT 255; | ) | |
| MARK WOLF, individually and as an | ) | |
| agent of DISTRICT 255; | ) | |
| MIKE MATHIEU, individually and as an | ) | |
| agent of DISTRICT 255; | ) | |
| BUTCH STAFFORD, individually and | ) | |
| as an agent of DISTRICT 255; | ) | |
| TIM RICKETTS, individually and as an | ) | |
| agent of DISTRICT 255; | ) | |
| MICHAEL SMITH, individually and as an | ) | |
| agent of DISTRICT 255; and | ) | |
| CHUCK ANDERSON, individually and | ) | |
| as an agent of DISTRICT 255, | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, RICHARD and ALLISON BROOKMAN, individually and

as Parents and Next Friends of ANTHONY BROOKMAN, a minor (collectively "Plaintiffs"),

by and through their attorneys, THE COLLINS LAW FIRM P.C., and    complaining against

Defendants, REED-CUSTER COMMUNITY UNIT SCHOOL DISTRICT 255 (hereinafter

"District 255"); MARK WOLF, individually and as an agent of DISTRICT 255; MIKE

MATHIEU, individually and as an agent of DISTRICT 255; BUTCH STAFFORD, individually

and as an agent of DISTRICT 255; TIM RICKETTS, individually and as an agent of DISTRICT

255; CHUCK ANDERSON, individually and as an agent of DISTRICT 255 (collectively

"Defendants"), state and allege as follows:

## BACKGROUND

Between May 2017 and November 2018, and at all times relevant to this complaint, Anthony Brookman was an incoming freshman student at Reed-Custer High School in Braidwood, Illinois. During the summer of 2017 - between Anthony's 8th grade and freshman years - Anthony attended the Reed-Custer High School Football camp, sponsored by the high school and run by the Reed-Custer Football Coaching Staff. During this football camp, Anthony Brookman was subjected to bullying, harassment and attempted sexual assaults as part of a culture of hazing and hazing rituals known by the Defendants. Ultimately, Anthony was the victim of a vicious sexual assault on or about July 19, 2017 committed by students of Reed-Custer High School who were football players.

Defendants were aware of, or tacitly acknowledged, a culture of abuse, hazing, bullying and assault, which resulted in significant injury to Anthony Brookman.

Following this sexual assault, Anthony and his parents Richard and Allison Brookman, reported the sexual assault to Braidwood Police. Following the Plaintiffs' reporting to the police, Anthony Brookman was subjected to significant bullying, hazing, harassment and retaliation, as outlined in this Complaint.

## JURY DEMAND

1.      Plaintiffs hereby demand a trial by jury.

## NATURE OF THE ACTION

2.      This cause of action arises out of the hazing, harassment, bullying, abuse, sexual assault, retaliation and other unlawful treatment of ANTHONY BROOKMAN (hereinafter "Anthony" or "Anthony Brookman") caused by Defendants from May 2017 to the present, at or

near Reed-Custer High School, Braidwood, Illinois.

3.        This cause of action is brought, *inter alia,* pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Anthony's rights as secured by the United States Constitution.

4.        This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Illinois state law claims of willful and wanton conduct, and intentional infliction of emotional distress, against Defendants in their individual capacity, and against Defendant DISTRICT 255.

5.        The subject hazing ritual, sexual assault and subsequent retaliation against Anthony which are discussed in this complaint are a form of bullying and have been part of the culture of the Reed-Custer Football Team for years. The teams' coaches have either sanctioned these rituals or turned a blind eye toward them, while other school officials – including Reed-Custer's principal and Athletic Director – turned a blind eye toward the abuse, even after the abuse was reported to them.

6.        This is an action brought on behalf of a student, Anthony Brookman, at Reed-Custer High School located in Braidwood, Illinois. Anthony was forced to endure hazing, harassment, bullying, and abuse amounting to sexual assault, physical assault and mental assaults by members of Reed-Custer High School Football Team, Coaches, Staff, Teachers, Students and Employees of DISTRICT 255.  These assaults were part of a prevalent hazing ritual known to Defendants long before the dates of Plaintiff's assault.

7.        Further, Anthony was forced to endure bullying, harassment, abuse, sexual assault and retaliation amounting to verbal abuse, threats of physical violence, academic retaliation and bullying by members of Reed-Custer High School's staff, administration, and student body.

3

Defendants knew of these instances of abuse, threats and retaliation long before the filing of this Complaint.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and redressing violations of civil rights pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over Illinois state law claims pursuant to 28 U.S.C. §1367.

9.      Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## THE PARTIES

### Plaintiffs

10.      Plaintiffs RICHARD AND ALLISON BROOKMAN, individually and as parents and next friends of ANTHONY BROOKMAN, are residents of the City of Braidwood, Will County, Illinois.

11.      Plaintiff ANTHONY BROOKMAN is a minor and is a resident of the City of Braidwood, Will County, Illinois. ANTHONY BROOKMAN attended Reed-Custer High during the events described in this Complaint.

### Defendants

12.      Defendant REED-CUSTER COMMUNITY UNIT SCHOOL DISTRICT 255 (hereinafter "DISTRICT 255"), is a municipal corporation existing by and under the laws of the State of Illinois, with its principal place of business located in Braidwood, Will County, Illinois.

13.      Defendant MARK WOLF (hereinafter "WOLF"), was an agent of DISTRICT 255 and was head varsity football coach at Reed-Custer High School during events discussed in this

complaint. WOLF has been employed by DISTRICT 255 in that position. He is also a teacher at Reed-Custer High School. As a football coach and a teacher, Defendant WOLF has a duty, *inter alia,* to supervise, and protect the physical safety of, students at Reed-Custer High School at all times.  This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*.  As a football coach and a teacher, Defendant WOLF also has the duty, ability and authority to take corrective action on behalf of DISTRICT 255 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

14.     Defendant MIKE MATHIEU (hereinafter "MATHIEU") was an agent of DISTRICT 255 and was a football coach at Reed-Custer High School during events described in this complaint. Defendant MATHIEU has been employed by DISTRICT 255 in that position. He is also a gym teacher at Reed-Custer High School. As football coach and gym teacher, Defendant MATHIEU has a duty to supervise, and protect the physical safety of, students at Reed-Custer High School at all times.  This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*.  As a football coach and gym teacher, Defendant MATHIEU also has the duty, ability and authority to take corrective action on behalf of DISTRICT 255 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

15.     Defendant BUTCH STAFFORD (hereinafter "STAFFORD") was an agent of DISTRICT 255 and was a teacher at Reed-Custer High School at all relevant times. Defendant STAFFORD has been employed by DISTRICT 255 in that position. As a teacher, Defendant STAFFORD has a duty to supervise, and protect the physical safety of, students at Reed-Custer High School at all times. Further, STAFFORD had a duty to refrain from engaging in abuse,

bullying, harassment and retaliation against students at Reed-Custer High School at all times. This includes a duty to report any allegations of abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*. As teacher, Defendant STAFFORD also has the duty, ability and authority to take corrective action on behalf of DISTRICT 255 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct, and to refrain from engaging in harassment, bullying and hazing of Anthony Brookman.

16. Defendant, TIM RICKETTS (hereinafter "RICKETTS"), was an agent of DISTRICT 255 and was the Principal for Reed-Custer High School, at all relevant times. As Principal of DISTRICT 255, Defendant RICKETTS has a duty to supervise, and protect the physical safety of, students at Reed-Custer High School at all times. This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*. As Principal, Defendant RICKETTS also has the duty, ability and authority to take corrective action on behalf of DISTRICT 255 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

17. Defendant, MICHAEL SMITH (hereinafter "SMITH"), was an agent of DISTRICT 255 and was the Assistant Principal for Reed-Custer High School, at all relevant times. As Assistant Principal of DISTRICT 255, Defendant SMITH has a duty to supervise, and protect the physical safety of, students at Reed-Custer High School at all times. This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*. As Assistant Principal, Defendant SMITH also has the duty, ability and authority to take corrective action on

behalf of DISTRICT 255 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

18.     Defendant, CHUCK ANDERSON (hereinafter "ANDERSON"), was an agent of DISTRICT 255 and was the Athletic Director for Reed-Custer High School, at all relevant times. As Athletic Director, Defendant ANDERSON has a duty to supervise, and protect the physical safety of, students at Reed-Custer High School at all times.  This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*.  As Athletic Director, Defendant ANDERSON also has the duty, ability and authority to take corrective action on behalf of DISTRICT 255 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

## FACTUAL ALLEGATIONS

### Reed-Custer High School Football Traditions

19.     Upon information and belief, the Reed-Custer High School Football team has  had a longstanding tradition of hazing, abuse and bullying, which included acts that the players refer to as "Smoke" or "Giving Smoke."

20.     Upon information and belief, the term "Smoke" was synonymous with the term "beef" or to have a problem with someone, but the act of "Giving Smoke" was a hazing act accompanied by a sexual assault or attempted sexual assault, including the attempted fingering of a target's anus.

21.     Upon information and belief, "Giving Smoke" was an act which consisted of players in groups of two or more, who would target other players and intimidate them, asking them if they "wanted smoke," followed by the aforementioned acts.

7

22.     The culture of Reed-Custer High School Football Team promoted, encouraged, fostered and tacitly acknowledged a culture of hazing, bullying, abuse, assault and sexual assault.

23.     Upon information and belief, said acts, including "Giving Smoke", were done with the knowledge of the football coaching staff and in the presence of the coaching staff.

24.     Upon information and belief, references to sexual assault and abuse were part of the culture of the Reed-Custer Football Team. For example, Defendant WOLF, during pre-game pep-talks, encouraged players to "unleash their inner rapist" or to "rip off" the genitalia of the opposing team.

25.     The culture of Reed-Custer High School Football Team, which promoted, encouraged, fostered and tacitly acknowledged a culture of hazing, abuse, assault and sexual assault, was known, tacitly acknowledged, or should have been known, to Defendant DISTRICT 255, and Defendants RICKETTS and ANDERSON.

**Reed-Custer Community Unit School District 255 Policies; Governing Illinois Law**

26.     Defendant DISTRICT 255's Board of Education Policies require any district employee who suspects or receives knowledge that a student may be abused shall immediately report the abuse to DCFS and notify the Superintendent or Principal that a report has been made.  Bd.  Of Ed.  Policy Manual, Section 5:90 Personnel, Abused and Neglected Child Reporting.

27.     Defendant DISTRICT 255's Board of Education Policies require employees or coaches "who personally observe any act of 'hazing' which results in bodily harm" to immediately report such to the Building Principal, Superintendent, or another designee. Bd. Of Ed. Policy Manual, Section 5:90 Personnel, Abused and Neglected Child Reporting.

28.     The Defendant DISTRICT 255's policies specifically prohibit bullying during any

8

school–sponsored activity and while on school property. Bd. of Ed. Policy Manual, Section 7:180 Students, Prevention of and Response to Bullying, Intimidation, and Harassment.

29.     Defendant DISTRICT 255, by its own policies, must promptly investigate and address reports of bullying after reports of bullying are received. Bd. of Ed. Policy Manual, Section 7:180 Students, Prevention of and Response to Bullying, Intimidation, and Harassment.

30.     Students are specifically prohibited from engaging in hazing or urging others  to engage in  hazing in  any form,  including intimidation,  coercion, threats, harassment, sexual harassment, public humiliation, retaliation, and bullying. Bd. of Ed. Policy Manual, Section 7:190 Students, Student Behavior.

31.     Students are further prohibited from engaging in sexual activity, including indecent exposure and sexual assault, and violating any criminal law, including assault. Bd. of Ed. Policy Manual, Section 7:190 Students, Student Behavior.

32.     Students are also prohibited from taking part in hazing and bullying activities during extracurricular activities and doing so can result in removal from the activity.  Bd. of Ed. Policy Manual, Section 7:240 Students, Conduct Code for Participants in Extracurricular Activities.

33.     720 ILCS 120/5 of the Illinois Hazing Act, defines a person committing hazing as someone "who knowingly requires the performance of any act by a student or other person in a school… for the purpose of induction or admission into any group, organization, or society associated or connected with the institution if: (a) the act is not sanctioned or authorized by that educational institution; and (b) the act results in bodily harm to any person." Individuals who take part in such acts can be charged with a Class A misdemeanor or a Class 4 felony depending on the severity of the injury. 720 ILCS 120/10.

34.      District employees, agents and students are prohibited from harassing, intimidating and/or bullying any student. Further, District employees, agents and students are prohibited from engaging in sexual harassment, including sexual violence, as well as conduct that has the effect of humiliation, embarrassment or discomfort. Bd. Of Ed. Policy Manual, Section 7:20 Harassment of Students Prohibited.

35.      District Employees or Agents who participate or engage in harassment, intimidation, sexual harassment and/or bullying are subject to discharge. Students who engage in harassment, intimidation, sexual harassment and/or bullying are subject to suspension from school and expulsion. Bd. Of Ed. Policy Manual, Section 7:20 Harassment of Students Prohibited.

**Anthony Brookman**

36.      Anthony was to begin attending Reed-Custer High School as a freshman in the Fall of 2017.

37.      Prior to his first day of school, in the summer between his 8th grade and Freshman Year of High School, Anthony attended the Reed-Custer High School Football Camp.

38.      The Football Camp was sponsored by Reed-Custer High School and run by Reed-Custer High School Football Coaching Staff, including Defendants WOLF and MATHIEU.

39.      Parents paid a fee to Reed-Custer High School for their children to attend this camp.

40.      It was expected by Reed-Custer Coaching Staff, including Defendants WOLF and MATHIEU, that students who wished to play football at Reed-Custer High School, including incoming freshman, would attend the camp.

41.      At the time of the camp, Anthony was one of the smaller participants, weighing approximately 135lbs.

42.     Football Players, DOE PLAYERS 1-4, minors, were upperclassmen who attended the Football Camp and played for the Reed-Custer Football Team.

**<u>Anthony Brookman is Sexually Assaulted Numerous Times</u>**

43.     On or around June 10, 2017, and during the Reed-Custer Football Camp, Football Players, DOE PLAYER1 and DOE PLAYER 2, minors, began verbally bullying and harassing Anthony, making comments about having sex with and/or raping both his mother and older sister.

44.     Anthony told DOE PLAYER1 and DOE PLAYER 2 to stop making such comments. In response, Football Players, DOE PLAYER 1 and DOE PLAYER 2, minors, told Anthony that they intended to have sex with and/or rape his mother and sister while they held Anthony down and forced Anthony to watch.  Anthony's sister was a senior at Reed-Custer High School at the time.

45.     On or about June 10, 2017, while on the track at Reed-Custer High School and during the Reed-Custer Football Camp, Football Players, DOE PLAYER1 and DOE PLAYER 2, minors, asked Anthony if he "wanted Smoke."

46.     Anthony replied "no" he did not want Smoke, at which point DOE PLAYER 2, a minor, grabbed Anthony by the neck from behind and bent him over at the waist, while DOE PLAYER 1, a minor, attempted to finger Anthony's anus with his thumb. Anthony managed to evade further assault

47.     Shortly after this initial assault, Anthony witnessed several football players asking Defendants MATHIEU and WOLF if they "wanted Smoke." Anthony witnessed Defendants WOLF and MATHIEU laugh and/or joke with football players at the suggestion of giving them "Smoke" and tell football players to get back to practicing.

48.     On or about July 9, 2017, Football Players, DOE PLAYERS 1-4, minors, again

11

attempted to assault Anthony.

49.     In the presence of Defendant MATHIEU, several football players chased Anthony and attempted to "give Smoke" to him. Neither Defendant MATHIEU, nor any Coaches, Teachers, Administrators or Volunteers came to Anthony's aid. Anthony was able to run away from this attempted assault.

50.     Only July 19, 2017, following practice at the Reed-Custer Football Camp, Anthony was waiting in line outside of the Reed-Custer High School Fieldhouse to get his football camp T-shirt and shorts from Coaches.

51.     As he waited in line, Anthony was approached by Football Players, DOE PLAYERS 1-4, minors, who intimidated and threatened Anthony, and asked Anthony if he wanted "Smoke."

52.     DOE PLAYER 1, a minor, proceeded to slap Anthony across the face twice before tackling him to the ground.

53.     Once Anthony was on the ground, DOE PLAYER 2, a minor – a senior weighing approximately 250lbs. – kneeled on Anthony's chest, pinning his arms to the ground.

54.     Two witnesses attempted to intervene but DOE PLAYER 2, a minor, warned them that if they interfered, they would "be next."

55.     DOE PLAYER 2, a minor, continued to kneel on Anthony's chest and held Anthony's arms to the ground so that he could not move his upper body.

56.     While Anthony was pinned to the ground, DOE PLAYER 1, a minor, kicked Anthony in the ribs and torso.

57.     DOE PLAYER 3, a minor, held Anthony's legs while DOE PLAYER 4, a minor, pulled Anthony's shorts down and repeatedly attempted to finger Anthony's anus.

12

58.     During this sexual assault, Anthony was screaming for help, but none of the Coaches, Teachers or Staff at the Reed-Custer High School Football Camp came to his aid.

59.     The assault was witnessed by dozens of Reed-Custer High School players.

60.     Following the sexual assault, Anthony was in extreme pain and had difficulty breathing.

61.     Immediately following the assault, DOE PLAYER 2, a minor, lifted Anthony off the ground and forced him to walk past the Coaches to collect his t-shirt and shorts. None of the Coaches came to Anthony's aid at this time.

62.     Moments later, Anthony collapsed on the ground outside of the fieldhouse and cried. He was in significant pain and having difficulty breathing.

63.     While Anthony was on the ground, Defendant WOLF called the team to huddle to end practice. He specifically singled out Anthony, yelling at him to get up off the ground and join the group, completely oblivious to the pain Anthony was experiencing.

64.     Coach WOLF ended practice and the players began to leave. At this time, an unidentified Coach approached Anthony following practice to ask him if he was okay, but before he could speak DOE PLAYER 2, a minor, spoke up telling the coach that Anthony was fine and that they were only roughhousing.

65.     Following practice, Plaintiff ALLISON BROOKMAN picked up Anthony from practice. It was clear to Allison that Anthony was in significant pain, having difficulty breathing and was injured. She asked Anthony if he had been injured at practice and Anthony told her of the assault.

66.     Upon learning of Anthony's assault, Allison sought out and confronted Defendant WOLF, informing him of the sexual assault of Anthony.

67.     Defendant WOLF acknowledged Allison and informed her that he would speak with his players.

68.     Anthony was still in pain and having difficulty breathing. As a result, Allison took him to the Emergency Room at Presence St. Joseph Medical Center where he was treated for his injuries, including, *inter alia,* a bruised sternum and bruised ribs.

69.     It is a custom, tradition, ritual and long-standing practice for members of the Reed-Custer Football Team to target, engage in hazing of a sexual nature, and assault vulnerable members of the team.

70.     Defendants DISTRICT 255, WOLF, MATHIEU, ANDERSON, and RICKETTS knew, or should have known, that the Reed-Custer High School Football Team had a custom, tradition, or practice of assaulting vulnerable team members in a sexual manner.

71.     Defendants DISTRICT 255, WOLF, MATHIEU, ANDERSON, and RICKETTS sanctioned and did nothing to end the custom, tradition, or practice of assaulting vulnerable team members in a sexual manner.

72.     Defendants DISTRICT 255, WOLF, MATHIEU, ANDERSON, and RICKETTS perpetuated the custom, tradition, or practice of engaging in hazing of a sexual nature and assaulting vulnerable team members in a sexual manner by allowing these assaults to continue despite having knowledge of them.

73.     Before Anthony was hazed at Reed-Custer High School, Defendants knew, or should have known, that Reed-Custer High School's football team had a custom, tradition, or practice of engaging in hazing of a sexual nature.

74.     Before Anthony was hazed at Reed-Custer High School, Defendants took no action to end, and tacitly sanctioned, the aforementioned custom, tradition, or practice of engaging in

hazing of a sexual nature.

**Aftermath of Incidents**

75.        After Anthony's treatment as the hospital for injuries he sustained during the assault, Plaintiffs reported Anthony's sexual assault to the Braidwood Police Department.

76.        Following the Plaintiffs' report to the police, upon information and belief, Defendant RICKETTS asked Defendant ANDERSON to look into the incident.

77.        Defendant ANDERSON learned of what had happened to Anthony. However, upon information and belief, Football Players, DOE PLAYERS 1-4 minors, were given modest or no suspensions. No football players were removed from classes or otherwise suspended from school.

78.        Upon information and belief, no disciplinary action was taken against any Coach following the sexual assault of Anthony.

79.        Upon information and belief, the Reed-Custer High School administration and football coaching staff took no further action to address hazing on the football team following the incident on July 19, 2017.

80.        Upon information and belief, Reed-Custer High School administration did not contact the Braidwood Police Department, or any law enforcement agency or DCFS regarding the incidents of abuse Anthony sustained.

81.        Upon information and belief, once Plaintiffs RICHARD and ALLISON BROOKMAN contacted the police, Defendant WOLF contacted Football Players who witnessed or participated in the assault of Anthony and told them to "get their story straight," in an effort to conceal the assault of Anthony.

82.        Thereafter, Defendant STAFFORD, and several unidentified students began a

campaign to harass and intimidate Anthony.

83.    For example, in the fall semester of 2017, Defendant STAFFORD was Anthony's gym teacher and history teacher.

84.    Throughout the fall semester of 2017, Defendant STAFFORD would routinely give tardy slips to Anthony, despite his being on time, resulting in detentions for Anthony and remove Anthony from class regularly without cause.

85.    In September 2017, while in a Reed-Custer High School Classroom, Defendant STAFFORD assaulted Anthony by grabbing him by the shirt, clenching his fist, cocking his arm back and threatening to give Anthony a black eye.

86.    Upon information and belief, at all relevant times, Defendant STAFFORD and Defendant WOLF have been close friends.

87.    Upon information and belief, no disciplinary action was taken against Defendant STAFFORD as a result of these instances.

88.    Following the events in June, July and September of 2017, Anthony made multiple reports of hazing, abuse, bullying and retaliation to Defendants RICKETTS and SMITH, for example, Anthony informed RICKETTS that students had threatened Anthony with physical violence and suggested on many occasions that he commit suicide.

89.    In response to Anthony's reports, Defendant RICKETTS resisted taking any action, and refused to discipline the behavior, and told Anthony that he liked to give students "chances" instead of punishing them for their bullying, abuse, hazing and assault.

90.    In response, Defendant SMITH echoed the sentiment of Defendant RICKETTS that he liked to give students "second chances" instead of punishing them for their bullying, abuse, hazing and assault.

91.     Following Anthony's reports to Defendant RICKETTS, Plaintiffs RICHARD and ALLISON BROOKMAN met with Defendant RICKETTS, who assured them that he would prevent further hazing, bullying, abuse or assaults or retaliation against Anthony.

92.     Following Anthony's reports to Defendant SMITH, Plaintiffs RICHARD and ALLISON BROOKMAN met with Defendant SMITH, who assured them that he would prevent further hazing, bullying, abuse or assaults or retaliation against Anthony.

93.     Despite assurances from Defendants RICKETTS and SMITH, however, following these meetings, Anthony continued to experience hazing, bullying, abuse and retaliation from students, teachers and staff of Defendant DISTRICT 255.

94.     Upon information and belief, Defendant RICKETTS took no action regarding addressing the hazing, abuse, harassment and retaliation Anthony experienced on a frequent and regular basis, following his reporting of the July 19, 2017 incident to the police.

95.     Upon information and belief, Defendant SMITH took no action regarding addressing the hazing, abuse, harassment and retaliation Anthony experienced on a frequent and regular basis, following his reporting of the July 19, 2017 incident to the police.

96.     Over the course of his freshman year of high school at Reed-Custer High School, Anthony was continually bullied and harassed, with students telling him to "kill himself" and telling him that he was worthless.

97.     Anthony experienced, and was diagnosed with, major depression and PTSD as a result of the sexual assault, hazing, continual bullying, abuse and retaliation he experienced on a near daily basis while a student at Reed-Custer High School.

98.     Defendants STAFFORD, SMITH and RICKETTS knew that students, teachers, and staff were harassing, bullying and assaulting Anthony.

99.     Defendants STAFFORD, SMITH and RICKETTS sanctioned and did nothing to end the consistent retaliation, bullying, hazing, assault of Anthony throughout the 2017-2018 school year.

100.     Through their actions and refusals to act, Defendants STAFFORD, SMITH and RICKETTS perpetuated the practice of bullying, assaulting, harassing and/or retaliating against Anthony throughout the 2017-2018 school year.

101.     Upon information and belief, Defendant DISTRICT 255 has not implemented existing Anti-Bullying and Anti-Hazing policies and procedures in order to prevent students from sexually assaulting, bullying or harassing fellow students.


## COUNT 1—WILFUL AND WANTON CONDUCT

**(RICHARD AND ALLISON BROOKMAN, individually and as parents and next friends of ANTHONY BROOKMAN, a minor vs. DISTRICT 255, WOLF, MATHIEU, RICKETTS, ANDERSON, SMITH and STAFFORD, as agents)**

102.     Plaintiffs incorporate by reference all preceding paragraphs.

103.     During the 2017-2018 academic year, DISTRICT 255, by and through its actual agents, apparent agents, employees and/or servants – Defendants WOLF, MATHIEU, ANDERSON, RICKETTS, SMITH AND STAFFORD – had a duty to supervise and protect the physical safety of Reed-Custer High School students and to refrain from acting with an utter indifference and/or conscious disregard for the safety of DISTRICT 255 students attending Reed-Custer High School, including Anthony Brookman.

104.     DISTRICT 255 by and through its actual agents, apparent agents, employees and/or servants – Defendants WOLF, MATHIEU, ANDERSON, RICKETTS, SMITH and STAFFORD –breached its duty to PLAINTIFFS in one or more of the following ways:

    a.  Defendants knew or should have known that, by not supervising their charges, such

18

acts of bullying, harassment, assault, retaliation and sexual assault could occur;

b. Defendants knew or should have known about the traditions of Reed-Custer High School, which included hazing and bullying of a sexual nature, including fingering of students;

c. Defendants knew or should have known that bullying and hazing was so prevalent that unwilling participants were forced to take part in acts that were assaultive, illegal, and sexual in nature;

d. Defendants knew or should have known that their failure to properly supervising practices, football camps, school-sponsored events, common areas, school grounds and classrooms of Reed-Custer High School posed a high probability of serious harm to students, including Anthony Brookman;

e. Defendants recklessly did not inform the authorities or administration of the occurrence of hazing and/or abuse to Anthony Brookman, in violation of 720 ILCS 12C-50.1 and 325 Ill. Comp. Stat. 5/1; this failure showed Defendants' utter indifference to the seriousness of what had been done to Anthony, and signaled to others that further mistreatment of Anthony was acceptable;

f. Defendants acted with reckless indifference or conscious disregard to the hazing, bullying, abuse, sexual assault and retaliation experienced by Anthony Brookman and perpetuated by and/or reported to Defendants;

g. Defendants recklessly or consciously disregarded the substantial risks posed by not supervising practices, football camps, school-sponsored events, common areas, school grounds and classrooms of Reed-Custer High School;

h. Defendants recklessly or consciously disregarded the substantial risks that actions perpetrated against Anthony constituted criminal acts; and;

i. Defendant STAFFORD personally engaged in harassment, bullying and assault of Anthony in conscious disregard for the rights of Anthony Brookman;

j. Defendants were otherwise willful and wanton in their conscious disregard of the safety of Anthony.

105.     As a direct and proximate result of these willful and wanton acts and/or omissions,

Anthony sustained serious injuries and suffered severe emotional distress.

WHEREFORE, Plaintiffs RICHARD AND ALLISON BROOKMAN, individually and

as parents and next friends of ANTHONY BROOKMAN, a minor, pray for judgment against

Defendant DISTRICT 255 and Defendants RICKETTS, ANDERSON, SMITH, STAFFORD,

WOLF and MATHIEU as agents of Defendant DISTRICT 255, for money damages in excess the jurisdictional amount, interest on any damages awarded, and costs incurred in bringing this action.

### COUNT 2— INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(RICHARD AND ALLISON BROOKMAN, individually and as parents and next friends of ANTHONY BROOKMAN, a minor vs. WOLF, MATHIEU, RICKETTS, ANDERSON, SMITH and STAFFORD, individually)**

106.    Plaintiffs incorporate by reference all preceding paragraphs.

107.    While serving as Anthony's football coaches and teachers during the 2017-2018 academic year, Defendants WOLF and MATHIEU had a duty to refrain from acting with extreme and outrageous conduct toward the students they supervised, including Anthony Brookman.

108.    While serving as Anthony's football coaches and teachers, and despite the aforementioned duties, Defendants WOLF and MATHIEU engaged in extreme and outrageous conduct by ignoring verbal, physical, and sexual abuse endured by Anthony, despite possessing information and/or witnessing that such events had occurred; tolerating harassment, hazing, and bullying in direct violation of district policy; detrimentally effecting Anthony's mental health and substantially interfering with Anthony's academic performance and ability to benefit from school services; not observing, supervising or investigating allegations of harassment, hazing, and bullying; allowing students who engaged in the harassment, hazing, and bullying back in the classroom with Anthony, where they could further mistreat Anthony; and not taking requisite action to discipline students involved in the harassment, hazing, and bullying of Anthony.

109.    While serving as the High School's Athletic Director during the 2017-2018 academic year, Defendant ANDERSON had a duty to refrain from acting with extreme and outrageous conduct toward the students he supervised, including Anthony Brookman.

110.    While serving as Anthony's Athletic Director, and despite the aforementioned duties, Defendant ANDERSON engaged in extreme and outrageous conduct by ignoring verbal,

20

physical, and sexual abuse endured by Anthony, despite possessing information and/or witnessing that such events had occurred; tolerating harassment, hazing, and bullying in direct violation of district policy; detrimentally effecting Anthony's mental health and substantially interfering with Anthony's academic performance and ability to benefit from school services; not adequately investigating allegations of harassment, hazing, and bullying; allowing students who engaged in the harassment, hazing, and bullying back into the classroom with Anthony and; not taking requisite action to discipline students involved in the harassment, hazing, and bullying of Anthony Brookman

111.    While serving as Anthony's Principal at Reed-Custer High School during the 2017-2018 academic year, Defendant RICKETTS had a duty to refrain from acting with extreme and outrageous conduct toward the students he supervised, including Anthony Brookman

112.    While serving as Anthony's Principal, and despite the aforementioned duties, Defendant RICKETTS engaged in extreme and outrageous conduct by ignoring verbal, physical, and sexual abuse endured by Anthony, despite possessing information and/or witnessing that such events had occurred; tolerating harassment, hazing, and bullying in direct violation of district policy;    detrimentally effecting Anthony's mental health and substantially interfering with Anthony's academic performance and ability to benefit from school services; not adequately investigating allegations of harassment, hazing, and bullying; allowing students who engaged in the harassment, hazing, and bullying back into the classroom with Anthony; and not taking requisite action to discipline students involved in the harassment, hazing, and bullying of Anthony.

113.    While serving as Anthony's Assistant Principal at Reed-Custer High School during the 2017-2018 academic year, Defendant SMITH had a duty to refrain from acting with extreme and outrageous conduct toward the students he supervised, including Anthony Brookman

114.     While serving as Anthony's Assistant Principal, and despite the aforementioned duties, Defendant SMITH engaged in extreme and outrageous conduct by ignoring verbal, physical, and sexual abuse endured by Anthony, despite possessing information and/or witnessing that such events had occurred; tolerating harassment, hazing, and bullying in direct violation of district policy; detrimentally effecting Anthony's mental health and substantially interfering with Anthony's academic performance and ability to benefit from school services; not adequately investigating allegations of harassment, hazing, and bullying; allowing students who engaged in the harassment, hazing, and bullying back into the classroom with Anthony; and not taking requisite action to discipline students involved in the harassment, hazing, and bullying of Anthony.

115.     While serving as Anthony's teacher at Reed-Custer High School during the 2017-2018 academic year, Defendant STAFFORD had a duty to refrain from acting with extreme and outrageous conduct toward the students he supervised, including Anthony Brookman.

116.     While serving as Anthony's teacher, and despite the aforementioned duties, Defendant STAFFORD engaged in extreme and outrageous conduct by participating in verbal and physical abuse of Anthony; and detrimentally effecting Anthony's mental health and substantially interfering with Anthony's academic performance and ability to benefit from school services.

117.     Defendants WOLF and MATHIEU were made aware of the hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony, including the fact that he was sexually assaulted during football camp while on school property.

118.     Defendants ANDERSON, SMITH and RICKETTS were made aware of the hazing, harassment, bullying, abuse, sexual abuse and retaliation and other unlawful treatment of Anthony, including the fact that he was bullied by students and at least one teacher; and was hazed, harassed, and assaulted while on school property, both in class and while participating in

22

extracurricular activities sponsored by Reed-Custer High School.

119.     Defendant STAFFORD was made aware of the substantial hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment of Anthony, and responded to the same by acting intentionally to harass, assault, bully and otherwise retaliate against Anthony while Anthony was a student of STAFFORD, including threatening to punch Anthony in the face.

120.     Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU either intended their conduct to inflict severe emotional distress on Anthony, or recklessly or consciously disregarded the probability that their conduct would cause emotional distress to Anthony Brookman.

121.     Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU acted willfully and maliciously and with knowledge of, or with conscious disregard of, the harm that would be inflicted by allowing Anthony Brookman to be bullied, hazed, assaulted and sexually assaulted.

122.     As a direct and proximate result of the acts and omissions set forth above, Anthony has been damaged in that he suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent damage to his social and emotional well-being and has impaired his ability to function at a level at which he could reasonably have been expected to function.

WHEREFORE, Plaintiffs RICHARD AND ALLISON BROOKMAN individually and as parents and next friends of ANTHONY BROOKMAN, pray for judgment against Defendant DISTRICT 255 and Defendant RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, individually, for money damages in excess of the jurisdictional amount, interest on any damages awarded, and costs incurred in bringing this action.

## COUNT 3—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: SUBSTANTIVE DUE PROCESS
### (Richard and Allison Brookman, individually and as parents and next friends of ANTHONY BROOKMAN, a minor vs. RICKETTS, ANDERSON, SMITH STAFFORD, WOLF and MATHIEU, Individually)

123.     Plaintiffs incorporate by reference all preceding paragraphs.

124.     Anthony Brookman has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from said illegal practices and policies.

125.     At all relevant times Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were acting under color of state law.

126.     The actions and omissions of Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

127.     As a result of Defendants' actions, Anthony suffered a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

128.     DISTRICT 255's written policies and procedures, undertaken to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for DISTRICT 255 employees, including Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU.

129.     DISTRICT 255 purports to follow a policy, outlined in its own Handbook, that requires:

   a.  Any district employee who suspects or receives knowledge that a student may be abused shall immediately report the abuse to DCFS and notify the Superintendent or Principal that a report has been made;

    b.   Employees or coaches "who personally observe [] any act of 'hazing' which results in bodily harm" to immediately report such to the Building Principal, Superintendent, or another designee;

    c.   Students who violate the rights of others or district policies will be subject to disciplinary measures;

    d.   Bullying during any school–sponsored activity and while on school property be prohibited;

    e.   Prompt investigation and addressing of reports of bullying after reports of bullying are received;

    f.   Prohibitions on engaging in hazing or urging others to engage in hazing in any form, including intimidation, coercion, threats, harassment, sexual harassment, public humiliation, retaliation, and bullying;

    g.   Prohibitions on engaging in sexual activity, including indecent exposure and offensive touching, and violating any criminal law, including assault; and,

    h.   Prohibitions on taking part in hazing and bullying activities during extracurricular activities and that doing so can result in removal from the activity.

130.    DISTRICT 255 policy was not followed by Defendant DISTRICT 255 employees in that:

    a.   Defendants and other employees and agents of Defendant DISCTRICT 255 created, and allowed the existence of, the culture of hazing, harassment, bullying and sexual assault that victimized Anthony;

    b.   Upon information and belief, no report of the hazing, harassment, bullying, abuse, and other unlawful treatment experienced by Anthony Brookman was ever

25

submitted to DCFS;

c. Upon information and belief, personal observations of hazing, harassment, bullying, abuse, and other unlawful treatment were not immediately reported to the principal, superintendent, or other designee;

d. Upon information and belief, the students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures;

e. Upon information and belief, investigations into the allegations by Anthony Brookman were not promptly initiated by the agents and/or employees of Defendant DISTRICT 255;

f. Upon information and information and belief; students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand;

g. Upon information and ,belief, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman were removed from the football team as a result of the hazing, harassment, bullying, abuse and other unlawful treatment;

h. Upon information and belief, bullying reports were not addressed in any way, and teachers and students threatened and retaliated against Anthony and other students who had reported the bullying;

i. Upon information and belief, Defendant WOLF and Defendant MATHIEU, who knew or should have known of the hazing, harassment, bullying, abuse, and other

26

unlawful treatment were not disciplined or removed from their positions as teachers;

j. Upon information and belief, Defendant STAFFORD who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman was not removed from his position as teacher;

k. Otherwise violated school policy.

131. DISTRICT 255 policy, and thereby Illinois law contained in the Bullying Prevention Act, was not followed at Reed-Custer High School during Anthony Brookman's attendance and was not followed in the case of Anthony's hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment. In this action and omission, Defendants DISTRICT 255, RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were deliberately indifferent to Anthony and his subsequent deprivation of rights.

132. Illinois law was not followed by Defendants in that they did not inform the authorities or administration of the occurrence of hazing and/or abuse to Anthony Brookman, in violation of 720 ILCS 12C-50.1 and 325 Ill. Comp. Stat. 5/1.

133. Defendants disregarded the substantial risks that actions were perpetrated against Anthony Brookman that would constitute criminal acts under the Illinois Hazing Act, 720 ILCS 120/10.

134. Illinois law was not followed in the case of Anthony's hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment, and in this action and omission Defendants DISTRICT 255, RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were deliberately indifferent to Anthony and his subsequent deprivation of rights.

135. Defendants' deliberate indifference to Anthony Brookman's safety, DISTRICT

255 policy, and the law demonstrates an obvious need for training regarding hazing, harassment, bullying, and discipline, reporting obligations, supervision, policy and legal requirements.

136.     Defendants RICKETTS and SMITH's dismissal of Anthony's complaints and his statement that he prefers to give students "chances" after Anthony reported abuse, hazing, bullying or assault manifested to coaches, teachers and students that they could act with impunity toward Anthony.

137.     Defendants DISTRICT 255 and RICKETTS' failure to supervise, discipline, reprimand or terminate Defendant STAFFORD after STAFFORD assaulted Anthony, manifested to teachers, staff, coaches and students that they could act with impunity toward Anthony.

138.     Defendants DISTRICT 255 and RICKETTS' failure to supervise, discipline, reprimand or terminate Defendant WOLF and/or MATHIEU despite Defendant WOLF and MATHIEU's tacit endorsement of a culture of hazing, bullying abuse and assault manifested to coaches, students, teachers and staff that they could act with impunity toward Anthony.

139.     Defendants had a duty to observe, supervise, and protect Anthony Brookman during school-sponsored events, football practices, football camps, while on school grounds, in class and while at Reed-Custer High School. They failed to fulfill these duties.

140.     As a direct and proximate result of the acts and omissions set forth above, Anthony Brookman suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

141.     As a direct and proximate result of the acts and omissions set forth above, Anthony suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and

emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

WHEREFORE, Plaintiffs RICHARD AND ALLISON BROOKMAN, individually and as parents and next friends of ANTHONY BROOKMAN, pray for judgment against Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, individually, for money damages in excess of the jurisdictional amount, attorney's fees, interest on any damages awarded, and costs incurred in bringing this action.

## COUNT 4— CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: EQUAL PROTECTION
**(Richard and Allison Brookman, individually and as parents and next friends of ANTHONY BROOKMAN, a minor vs. RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, Individually)**

142.      Plaintiffs incorporate by reference all preceding paragraphs.

143.      That at all relevant times, Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were acting under color of state law.

144.      That the above actions by Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Anthony Brookman was retaliated against, harassed, bullied, and intimidated, all against his will, and differently than those similarly situated students.

145.      That the actions of Defendants were the result of personal animus against Anthony, and said actions and denials were taken without any rational basis.

146.      That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the Constitutional rights of Anthony Brookman and other similarly situated students, all in violation of his Constitutional rights.

29

147.     That by reason of the aforesaid actions, Anthony Brookman suffered actions that were not inflicted upon regular students that did not have specialized educational needs.

148.     Anthony was intentionally treated differently from the rest of his peers and there was no rational basis for the different treatment, including being subjected to hazing, harassment, bullying, retaliation and sexual assaults by other students, and hazing, bullying, retaliation and assault by a teacher.

149.     Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU did not take adequate action to prevent or deter the conduct complained of.

150.     DISTRICT 255 purports to follow a policy, outlined in the Handbook, of zero tolerance for harassment or bullying of any kind during any school-sponsored program or activity on school property, specifically prohibiting bullying on the basis of actual or perceived physical or mental disability.

151.     DISTRICT 255's written policies and procedures, undertaken to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for DISTRICT 255 employees, including Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU.

152.     DISTRICT 255 purports to follow a policy, outlined in the Handbook, that requires:

> a.  Any district employee that suspects or receives knowledge that a student may be abused shall immediately report the abuse to DCFS and notify the Superintendent or Principal that a report has been made;
>
> b.  Employees or coaches "who personally observe [] any act of 'hazing' which results in bodily harm" to immediately report such to the   Building Principal,

Superintendent, or another designee;

c. **Students** who violate the rights of others or district policies will be subject to disciplinary measures;

d. Bullying during any school–sponsored activity and while on school property be prohibited;

e. Prompt investigation and addressing of reports of bullying after reports of bullying are received;

f. Prohibitions on engaging in hazing or urging others to engage in hazing in any form, including intimidation, coercion, threats, harassment, sexual harassment, public humiliation, retaliation, and bullying;

g. **Prohibitions** on engaging in sexual activity, including indecent exposure and offensive touching, and violating any criminal law, including assault;

h. Prohibitions on taking part in hazing and bullying activities during extracurricular activities and doing so can result in removal from the activity.

153. DISTRICT 255 policy was not followed by Defendant DISTRICT 255 employees in that:

a. Defendants and other employees and agents of Defendant DISCTRICT 255 created, and allowed the existence of, the culture of hazing, harassment, bullying and sexual assault that victimized Anthony;

b. Upon information and belief, no report of the hazing, harassment, bullying, abuse, and other unlawful treatment experienced by Anthony Brookman was ever submitted to DCFS;

c. Upon information and belief, personal observations of hazing, harassment,

bullying, abuse, and other unlawful treatment were not immediately reported to the principal, superintendent, or other designee;

d. Upon information and belief, the students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures;

e. Upon information and belief, investigations into the allegations by Anthony Brookman were not promptly initiated by the agents and/or employees of Defendant DISTRICT 255;

f. Upon information and information and belief; students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand;

g. Upon information and belief, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman were removed from the football team as a result of the hazing, harassment, bullying, abuse and other unlawful treatment;

h. Upon information and belief, bullying reports were not addressed in any way, and teachers and students threatened and retaliated against Anthony and other students who had reported the bullying;

i. Upon information and belief, Defendant WOLF and Defendant MATHIEU, who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were not disciplined or removed from their positions as teachers;

j.   Upon information and belief, Defendant STAFFORD who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman was not removed from his position as teacher;

k.   Otherwise violated school policy.

154.   DISTRICT 255 policy was not being followed at Reed-Custer High School during Anthony Brookman's attendance and was not followed in the case of Anthony's hazing, harassment, bullying, abuse, and other unlawful treatment. In this action and omission, Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were deliberately indifferent to Anthony Brookman and his subsequent deprivation of rights.

155.   Defendants' deliberate indifference to Anthony's safety  and  DISTRICT 255 policy demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, and supervision during outdoor break or recess.

156.   Defendants SMITH and RICKETTS' dismissal of Anthony's complaints desire to give students "chances" after Anthony reported abuse, hazing, bullying or assault manifested to coaches, teachers and students that they could act with impunity toward Anthony.

157.   Defendants DISTRICT 255 and RICKETTS' failure to supervise, discipline, reprimand or terminate Defendant STAFFORD after STAFFORD assaulted Anthony manifested to teachers, staff, coaches and students that they could act with impunity toward Anthony.

158.   Defendants DISTRICT 255 and RICKETTS' failure to supervise, discipline, reprimand or terminate Defendant WOLF and/or MATHIEU despite Defendant WOLF and MATHIEU's tacit endorsement of a culture of hazing, bullying abuse and assault manifested to coaches, students, teachers and staff that they could act with impunity toward Anthony.

159.   Defendants had a duty to observe, supervise, and protect Anthony during school-

sponsored events, and in classroom and while on school grounds and they failed to do so.

160.     As a direct and proximate result of the acts and omissions set forth above, Anthony suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

161.     As a direct and proximate result of the acts and omissions set forth above, Anthony suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

WHEREFORE, Plaintiffs RICHARD AND ALLISON BROOKMAN, individually and as parents and next friends of ANTHONY BROOKMAN, pray for judgment against Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, individually, for money damages in excess of the jurisdictional amount, attorney's fees, interest on any damages awarded, and costs incurred in bringing this action.

## COUNT 5—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 (MONELL CLAIM)
**(Richard and Allison Brookman, individually and as parents and next friends of ANTHONY BROOKMAN, a minor vs. DISTRICT 255, RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, as agents)**

162.     Plaintiff incorporates by reference all preceding paragraphs.

163.     The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy and widespread custom of not supervising, monitoring or protecting students during football practices, football camps, while attending school-sponsored events, while in the classroom or while on school property at Reed-Custer High School and subsequently not

reporting, sufficiently investigating or disciplining harassment, hazing, assault, sexual assault and bullying that occurs.

164.    This *de facto policy* and widespread custom of Defendant DISTRICT 255 is implemented by Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, all acting under the color of law, who chose to violate Plaintiff's Constitutional rights, without rightful authority of law.

165.    The existence of the *de facto* policy and widespread custom described above has been known or should have been known to supervisory and policy making officers and officials of Defendant DISTRICT 255 for a substantial period of time.

166.    Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the Defendant DISTRICT 255 has not taken steps to determine said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in said practices, have not effectively trained the football coaches, gym teachers, including Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU with regard to the proper Constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

167.    That Anthony Brookman has a clearly established right to equal access to all benefits and privileges of a public education and a right to be from offensive harassment in school.

168.    DISTRICT 255's written policies and procedures, undertaken to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 255 employees, including Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, DISTRICT 255 purports to follow a policy, outlined in the Handbook, that requires:

35

a. Any district employee that suspects or receives knowledge that a student may be abused shall immediately report the abuse to DCFS and notify the Superintendent or Principal that a report has been made;

b. Employees or volunteer coaches "who personally observe [] any act of 'hazing' which results in bodily harm" to immediately report such to the     Building Principal, Superintendent, or another designee;

c. Students who violate the rights of others or district policies will be subject to disciplinary measures;

d. Bullying during any school–sponsored activity and while on school property be prohibited;

e. Prompt investigation and addressing of reports of bullying after reports of bullying are received;

f. Prohibitions on engaging in hazing or urging others to engage in hazing in any form, including intimidation, coercion, threats, harassment, sexual harassment, public humiliation, retaliation, and bullying;

g. Prohibitions on engaging in sexual activity, including indecent exposure and offensive touching, and violating any criminal law, including assault;

h. Prohibitions on taking part in hazing and bullying activities during extracurricular activities and doing so can result in removal from the activity.

169.    DISTRICT 255 policy was not followed by Defendant DISTRICT 255 employees in that:

a. Defendants and other employees and agents of Defendant DISCTRICT 255 created, and allowed the existence of, the culture of hazing, harassment, bullying

and sexual assault that victimized Anthony;

b.   Upon information and belief, no report of the hazing, harassment, bullying, abuse, and other unlawful treatment experienced by Anthony Brookman was ever submitted to DCFS;

c.   Upon information and belief, personal observations of hazing, harassment, bullying, abuse, and other unlawful treatment were not immediately reported to the principal, superintendent, or other designee;

d.   Upon information and belief, the students who were involved with the hazing, harassment, bullying, abuse, and other unlawful treatment were not subject to adequate disciplinary measures;

e.   Upon information and belief, investigations into the allegations by Anthony Brookman were not promptly initiated by the agents and/or employees of Defendant DISTRICT 255;

f.   Upon information and information and belief; students who engaged in the hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman were allowed to continue participating in extracurricular activities, school-sponsored events, and be present at school without reprimand;

g.   Upon information and ,belief, none of the students who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman were removed from the football team as a result of the hazing, harassment, bullying, abuse and other unlawful treatment;

h.   Upon information and belief, bullying reports were not addressed in any way, and teachers and students threatened and retaliated against Anthony and other students

37

who had reported the bullying;

i. Upon information and belief, Defendant WOLF and Defendant MATHIEU, who knew or should have known of the hazing, harassment, bullying, abuse, and other unlawful treatment were not disciplined or removed from their positions as teachers;

j. Upon information and belief, Defendant STAFFORD who engaged in hazing, harassment, bullying, abuse, and other unlawful treatment of Anthony Brookman was not removed from his position as teacher;

k. Otherwise violated school policy.

170. Defendants disregarded the substantial risks that actions perpetrated against Anthony Brookman would constitute criminal acts under the Illinois Hazing Act, 720 ILCS 120/10, and in this action and omission Defendants DISTRICT 255, RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were deliberately indifferent to Anthony and his subsequent deprivation of rights.

171. DISTRICT 255 policy was not followed at Reed-Custer High School during Anthony's attendance and was not followed in the case of Anthony Brookman's hazing, harassment, bullying, abuse, sexual assault and other unlawful treatment, and in this action and omission Defendants SCHOOL DISTRICT 255, RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU were deliberately indifferent to Anthony Brookman and his subsequent deprivation of rights.

172. Defendants' deliberate indifference to Anthony's safety and well-being and DISTRICT 255 policy demonstrates an obvious need for training regarding hazing, harassment, bullying, discipline, reporting obligations, and supervision during athletic games, practices,

camps, school-sponsored extracurricular activities and in classrooms.

173.     That the above actions and omissions by Defendants were deliberate and intentional and have resulted in violations of Anthony's rights to due process and equal protection, all in violation of the Fourteenth Amendment to the United States Constitution.

174.     That by reason of the aforesaid actions, Defendant DISTRICT 255's actions exhibit deliberate indifference to and/or reckless disregard for the Constitutional rights of Anthony Brookman and other similarly situated students, all in violation of his Constitutional rights.

        WHEREFORE, Plaintiffs RICHARD AND ALLISON BROOKMAN, individually and as parents and next friends of ANTHONY BROOKMAN, pray for judgment against Defendants RICKETTS, ANDERSON, SMITH, STAFFORD, WOLF and MATHIEU, individually, for money damages in excess of the jurisdictional amount, attorney's fees, interest on any damages awarded, and costs incurred in bringing this action.

Dated: November 28, 2018                    Respectfully submitted,

Shawn M. Collins                            **RICHARD and ALLISON**
John D. Risvold                             **BROOKMAN, as parents and next**
THE COLLINS LAW FIRM, PC                    **friends of ANTHONY BROOKMAN**, a
1770 Park Street, Suite 200                 minor.
Naperville, IL 60563
630-527-1595                                By: s/ John D. Risvold
scollins@collinslaw.com
jrisvold@collinslaw.com                         One of Plaintiffs' attorneys